[Cite as *Smith v. Ohio Dept. of Transp.*, 2015-Ohio-4937.]

# IN THE COURT OF CLAIMS OF OHIO

STEVE SMITH

      Plaintiff

      v.

OHIO DEPARTMENT OF TRANSPORTATION

      Defendant

Case No. 2015-00152-AD

Clerk Mark H. Reed

MEMORANDUM DECISION

{¶1} Steve Smith (hereinafter "Plaintiff") filed this claim on February 27, 2015 against the Ohio Department of Transportation (hereinafter "ODOT"). In his complaint, the plaintiff alleged that on February 14, 2015, while he was traveling on SR 257 in Delaware County, his motor vehicle struck a road reflector that had been pulled loose from the roadway by an ODOT snowplow that was engaged in snow removal on that day. As a result of striking the reflector, plaintiff's vehicle sustained damages in the amount of $477.60. Plaintiff maintains an insurance deductible of $500.00.

{¶2} In an Investigation Report filed by ODOT on May 26, 2015, there is no admission by the agency as to whether or not their snowplow driver dislodged the loose reflector. Instead, ODOT maintains that it was not aware of any loose reflectors on this section of SR 257 prior to the date of plaintiff's accident. The position of ODOT is that there was no negligence on the part of the agency and therefore the agency has no liability for plaintiff's loss.

{¶3} In claims for road damage, even if the Court accepts the plaintiff's allegation that the actions of the ODOT snowplow driver caused his loss, it is still required that the plaintiff prove that there was some act of negligence on the part of ODOT. It is on this element that plaintiff's claim fails. There is no evidence that the snowplow driver conducted his work in an unreasonable or otherwise unsafe manner. Rather, it is

probable that in carrying out his duties in a workmanlike fashion, the driver dislodged a reflector that was already loose. That the reflector was loose would have been unknown to the Department prior to plaintiff's accident. Further, it is unlikely that a loose reflector would have been discovered even during routine maintenance operations conducted by ODOT in the time immediately prior to plaintiff's accident.

{¶4} Under Ohio law (Ohio Revised Code 5501.41), ODOT is given broad authority and responsibility to conduct snow removal operations. Absent proof that this removal was not done in a safe or reasonable manner, the Court will not substitute its judgment in replacement of that of the agency charged by law with this activity.

{¶5} Finally, the Court notes that the department is not required to be the absolute insurer of motorist's safety while they are traveling on state highways. In dangerous conditions such as that encountered by the plaintiff on February 14, 2015, accidents are often unavoidable. Thus, the plaintiff's accident can be more attributed to the adverse weather conditions that were present on that date and time than to any negligent action on the part of ODOT. For this reason, the claim must fail.

### IN THE COURT OF CLAIMS OF OHIO

STEVE SMITH

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2015-00152-AD

Clerk Mark H. Reed

<u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>

Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are absorbed by the Court.

_____
MARK H. REED
Clerk

Entry cc:

Steve Smith
5505 Riverside Drive
Delaware, Ohio  43015

Jerry Wray, Director
Ohio Department of Transportation
1980 West Broad Street
Mail Stop 1500
Columbus, Ohio  43223

Filed 8/25/15
Sent to S.C. Reporter 11/30/15